Alpha Security, and Ms. Kelly. Good morning, your honors. Mary Ann Kelly and together with Dennis Chung, we represent the plaintiff below in this Title VII action, Jacqueline Rice. In a nutshell, the issue before the court this morning is, did the state court lose jurisdiction over Ms. Rice's Title VII action before the defendants removed it to federal court such that it arrived, that it was dead on arrival in the district court? We submit that the answer to that question is a resounding no. The state court did not lose jurisdiction. And indeed, there is nothing in the state court record, no order, no notation, not even a motion from the defense suggesting that the state had lost jurisdiction. Defendant's challenge to Ms. Rice's case filed in the federal district court relies on Virginia's Rule of Procedure 3-5E, which Rule of Procedure was codified at 8.01-275-1. But in the federal district court, the federal rules of civil procedure apply and federal law applies, as the United States Supreme Court explained in the case of Granny Goose, which we cited in our reply brief. Federal Rule of Civil Procedure 81C makes it very clear. Could you speak up just a little? I just want to make sure I hear you. Okay. Sorry, Your Honor. Thank you. Federal Rule of Civil Procedure 81C also, by its plain language, makes it clear that in the federal district court, the federal rules of civil procedure apply. And the Granny Goose case cites that and says that federal law and federal civil procedure apply after removal. Accordingly, for defendants to move based on state procedure is inappropriate. They really have waived their opportunity to seek dismissal in the federal court based on a state rule of procedure. Well, except you don't mean to suggest to you that post-removal, a defendant couldn't move for insufficient process or insufficiency of service of process, do you? They can move for that, but then in that instance, if the district court finds that there was deficient service, the plaintiff would have a right under 28 U.S.C. 1448 to reserve and Federal Rule 4M. Of course. So my point is simply that I guess I'm focused on what I regard as something of an overbroad statement by you just now to the effect, as I understand it, that once removal occurs, state rules of procedure are irrelevant. Because in the case that I put to you, whether there was effective service would be determined under state rules for service of process. Right. That's true, Your Honor. But but to apply the federal for the federal court to apply the Virginia rules of procedure, as was done in this case, I think is is what I'm taking issue with. OK, well, I'm trying to understand the difference between. What you agree to, namely that a challenge to sufficiency of service post-removal would lie for a defendant relying on state law. As opposed to what you contend here, if I understand it, is that. Once the case was removed. Again, this is not I don't mean to suggest you absolutely mean this, but it's almost like you're saying rules under the under the Virginia practice are irrelevant. I don't think they're irrelevant. I don't think you're really saying that they're not entirely irrelevant, Your Honor. But I think the important issue here is that Judge Lee erroneously found that based on a Virginia rule of procedure, the court lacked jurisdiction. Now, can I explore that with you for a second? When you say lacked jurisdiction, I take it you're using that term as a shorthand for this rather curious term of jurisprudential death. Judge Lee, Judge Lee used the term that it found that he had no jurisdiction because the case he found was jurisprudentially dead on arrival. So which means it was jurisprudentially dead. Before it left Virginia. Well, right. It didn't die on the way, but it wasn't dead. It didn't die on the way it died while it was still in Virginia. And that's what you mean by Virginia lost jurisdiction. In other words, there was there was nothing. There was nothing there to remove. In effect, that's what the defense is arguing, that the Virginia court lost jurisdiction. And that could only be well, lost jurisdiction. Again, I'm sorry, but Virginia didn't lose jurisdiction. No, sir. They did not always had jurisdiction over this kind of action. Question is whether the case came to an end. Isn't that really the question? Not whether the Commonwealth lost jurisdiction, whether the case ended. Well, there's no question the case didn't end. The state court speaks for itself. The joint appendix on page eight in its final order, when it says that this case is, quote, removed and stricken from the active docket of this court. Sometime before you affected service. No, sir, that's after that is the final order of the Virginia court because of the removal. Judge Judge Lee, in effect, in effect, was sitting as a judge. Of a state court, wasn't he? He was, in effect, but just to correct the record, Judge Davis, this final order is dated September 19th. And it is the final order noticing that the notice of removal had been filed. So it is the final word of the state court that because of the removal and only because of the removal actual date of removal again, the actual just the exact day. The the date of removal was September 13th. It arrived in the year 2012. And I think, Judge Davis, you're really hitting on this. There is nothing in the record to suggest that the Virginia state court lost jurisdiction. The court never even squeaked a possibility of that. The defense we submit to deprive us from, among other things, the opportunity to file a non-suit and the opportunity to have a hearing. Had we so chosen where in which the state court would have exercised discretion. The worst possible situation for the plaintiff in the state court is the defense would make a motion to dismiss based on a failure to serve within one year. But the discretion is based upon a due diligence on on your part. And I don't understand there to be any kind of claim that due diligence was exercised. It is not based just on due diligence. And the Frye case, Your Honor, squarely addresses that. In that case, the plaintiff waited until the 365th day to appear at the courthouse and request a summons, finding the courthouse closed. And even though there was no showing at all from that plaintiff that there was a single attempt before the 365th day, the Virginia Supreme Court read the one year service rule in conjunction with the computation of time and said the plaintiff should have the 365 days. No showing of due diligence. It seems rather dramatically to distinguish that case from this one. It seems. If the courthouse is closed on the last day and the plaintiff can't get the summons, obviously the plaintiff can't serve the summons on the last day. Exactly so, Judge. And that's not this case. Well, it is this case to the extent that the plaintiff had non-suited her case for 17 days. And the defense concedes, as it must, that the plaintiff could not have obtained a summons during those 17 days. Why did you move to vacate the non-suit? I mean, why not just recommence the action within, what is it, six months of the non-suit order? I mean, it seems to me you've created problems for yourself that you didn't need. You, by moving to vacate the non-suit, you ran into this service of process problem. And that might have been avoided altogether had you simply sort of taken the, simply recommenced the action within the six months of the non-suit order rather than seeking to vacate the non-suit. We did that, Your Honor, because defense counsel called me. You moved to vacate the non-suit? This is the reason we moved to vacate, which I believe was your question. We did that because after the court vacated, after the court entered the non-suit, but before 21 days had expired, defense counsel called and made an argument to me that were we to refile, our statute of limitations would be blown. And you were persuaded by that argument? Defense counsel made it. You were persuaded? Well, I'll tell you, this is exactly what happened. Out in abundance of caution, we did some research, and it's very short. We had only a few days left. So we vacated. And upon consideration, standing here today, that was probably unnecessary. It was unnecessary because we could non-suit. Who did the defense counsel represent, the defendant? I'm sorry? The defendant, right? Yes, sir. So was it in the interest of his client to help you keep a suit alive against his client? Probably not, but that's in fact what happened. Why would you take their advice to do that? Well, I can't say why he did it, Your Honor. It would be inappropriate for him to give you something that will help keep his client in court. My goodness, if you're running into a cliff and my client benefits from your falling over it, as long as it's legal, I'm not supposed to stop and say, look out, one more step, you're on the cliff, you're supposed to go on over there. So why would you do that? I don't understand that. Give us a little bit more. You're a Virginia lawyer. Virginia, you know, is the bane of the existence of the defense bar and the glory of the plaintiff's bar to have non-suit. Virginia is one of the only states like that. You can't get costs assessed against you. I've had it done against me. They looked at the jury and didn't like what the jury looked like. They said, non-suit. You're right. It's a very powerful weapon for the plaintiff. Six months or the end of the statute, whichever is the greater. This way, Your Honor, we reserved our rights and we decided that it was the best strategical maneuver because we wanted to have an opportunity to look at the defendant's argument a little bit more, and we still have the non-suit. We haven't really lost anything. You could have done all that without needing to vacate the non-suit. Except, as I'm explaining, the court would have lost jurisdiction within 21 days. We wanted to vacate the non-suit so that we could have a little time to do some more research. Upon further reflection, it was unnecessary. We could have non-suited and refiled. That would have been a more precise way and a cleaner procedural way. It would have, and I submit that that's exactly why the defendant removed us, because they didn't want us to be able to do that. We were very cautious and we did what we thought was right under the circumstances, still having the right to take a non-suit. The strength of your argument, you contend, is that on the day the suit was removed to federal court, the suit had not been dismissed in state court. Is that correct? No question it had not been dismissed. Forget about jurisdiction. The case had not been dismissed. It was alive and kicking. We had a motion to amend the complaint on for the next day. There are a litany of things that the state court could have done and ruled later, but we don't know what they would have done or could have done because it was removed. Correct. Your point is that you still had those arrows in your quiver, and that is non-suit, persuading, all those kind of things, but you didn't do that. Absolutely, and that it was air. Assuming the removal was proper, and I see no indication from you that the removal was improper, the district court has to decide what the state court would have done. I think here, since the procedural question, I think Judge Davis is right on the point. I don't think state law becomes irrelevant at this point because the whole procedural question was born and growing to maturity within the state court system. I'm not sure that federal rules of service or process just take over. I think that the procedural history of the case in state court can't be ignored. I think the federal rules do take over. Oh, they do for many purposes. They would for summary judgment. They would for a good many purposes. But here, the whole case was litigated extensively under state procedure and state law, and that's different from the way the federal rules of evidence kick in, and it's different from the way a summary judgment motion is decided and everything. The case, for whatever reason, was litigated under state rules of procedure, and I don't think we're just free to ignore that because that's what you were governed by at the time. We would absolutely have been governed by state procedures had we stayed in state court. I think to answer what I'm hearing as your question, Judge Wilkinson, is, was it Judge Lee's job to sit in the shoes of a state court and decide what a state court would have done? And our answer is no, not to the extent there was any discretion afforded a state judge. I'm so glad to hear you say that. Could you elaborate? Because that's exactly my question. I think you agreed earlier that a state judge would have had a broad discretion whether to dismiss your case or not. Yes. With or without prejudice, to the extent that Virginia recognizes any such thing. And yet you just said to Judge Wilkinson, if I'm following you, that Judge Lee, though he sits as a state judge on this motion to dismiss, doesn't have the discretion that the state judge would have had, and I find that very difficult to comprehend. I think if... Have I correctly given an account of your position here? I think in interpreting and looking at the applicability of state procedural rules, Judge Lee had the job of deciding whether it was mandatory, whether there was no circumstance by which Ms. Rice could have continued in the state court. So to that extent... I'm with you. If Judge Lee erroneously thought he had no discretion but to dismiss the case, then you're here on legal error, and we apply de novo standard of review. Right. But if he understood, or if we're persuaded that he understood, that he had the discretion whether to dismiss the case or keep the case in federal court, then do you agree that our standard of review is abuse of discretion? No. And why not? So Judge Lee has less discretion to dismiss the case than a state judge would have had under exactly the same circumstance. How can that be? Because he's... Well, first of all, Judge Lee found that dismissal was mandatory. Okay, so we'll put that to one side for a moment. How can Judge Lee have less discretion than a state judge? Because he's applying state procedural rules in a federal case, and it's just a matter, I think it's a matter of federalism. You mean because it's a Title VII case as opposed to a motor tort? Because he's in federal court. And I think Judge Lee, in some parts of his opinion, he said he has to find out whether the state court had to dismiss the case, and he found that in his opinion. So I think even he understood that he... There's discretion to the extent that if there's due diligence in trying to serve process or the defendant, then there's discretion on the part of the state court judge to find the due diligence. But I understand if you haven't raised a due diligence claim here, you haven't said something like, well, we really tried to find these defendants. We couldn't exactly serve them, or we had problems finding out the address of this or that person. We made an attempt, but it didn't work out. There was no claim along that. You've got to ask what would the discretion hinge on, and normally when you have these with respect to time bars, we have this in filing notices of appeal and everything, we have an excusable neglect standard. And the due diligence formulation is sort of a parallel to an excusable neglect standard. But there wasn't... And that's what discretion is when you fail to meet a time deadline, is there's some reason, but the only reason that you've given us was that the defense counsel said something and you sort of took their word for it. And that wouldn't have afforded a state judge or the district court in this case that kind of discretion. You haven't made the case that the district court should exercise discretion in your favor. That's the problem. Your Honor, I see that my time is up. May I? Would you mind? Certainly, I'd be happy to answer it now, whatever. Go ahead and answer it now, then. We have rebuttal time. I think the Collins v. Shepard case, the Rudder v. Living Centers of Virginia, and the Fry case all stand for the proposition that the state court in Virginia has discretion to consider factors other than just due diligence, that there has to be a hearing to consider all of the facts and circumstances. And I submit that it is within the equitable power of the state court in Virginia to consider all of what happened here, including the 17 days where the plaintiff by definition could not have obtained a summons and would have been impossible to serve the defendant, so that the state court could balance the policies and objectives of the one-year service rule with the non-suit statute and the computation of time statute to say, well, under the facts here, it would be unfair and inappropriate and an absurd conclusion like the Fry case found to allow the plaintiff to perfect service, as we did, as the defense admits, but that it's going to be dismissed because it's untimely. So on the facts of this particular case, the state court would have had the discretion. I understand your point. Thank you, Judge. We've got some rebuttal time coming to you as well. Thank you. All right, let's hear from the other side in this case. Mr. Meister. Thank you, Your Honor. Douglas Meister on behalf of Appellee Co-Appellee Alpha Security. And if you're curious, I'm not the counsel that was involved in that discussion about the Mr. Robinson with Ms. Kelly. I have one, maybe two issues I'd like to focus on in my time. Can I ask you one really quick question I really wanted to ask Ms. Kelly? No, no, I'm talking to counsel. I'm sorry. One of her points is that they couldn't obtain a summons during the period of the non-suit. Correct? Correct. My question, and she can answer later, if she'd obtained the summons, say, a week before the non-suit, would that argument remain the same? Does the summons abate or die with the filing of a non-suit? Or could you serve a defendant to a period of non-suit if you already have a bait? I see no reason why not. Absolutely not. Okay, thank you. I didn't want to take up any more of your time. Okay. My issue here is this matter's moot. Given the process of how we've got here, the argument falls back on does the appellant have or should have been afforded on 120 days under 1448 to make proper service, timely service, as in an original case in the district court. That really doesn't matter anymore because the appellant didn't. That was never preserved for argument here because the appellant never did try to serve. Well, I don't know if they tried and didn't find us, but certainly original service has not been made during that 120-day period. There's no way to fix that unless there's no certain. It hasn't been made under the federal rule. There's certainly no federal statute that allows for an additional time outside of 120 days. So the question is does federal or state procedure apply? Well, state procedure's already said that it's got to be filed within a year. It's outside of a year. There's no dispute that it's outside of a calendar year. I mean, there's absolutely none. Now, the appellant argues that it should be told for various reasons, which I'll leave to our briefing unless you have questions. Your point is that regardless of whether we decide federal or state procedure applies, it's outside the time limit. Absolutely. And that's through no fault of the plaintiffs. The appellant has twice exceeded the filing period and not filed timely. You mean no fault of the defendants? I'm sorry. No fault of defendants, appellees here. There's no way to fix this. This is procedurally dead. The thing is it could so easily have been avoided. Unfortunately, well, depending on the side we're on, it wasn't. I mean, a year is a very long time for service of process. Most state rules have a year? No, not at all. It is a very long time. It's a very generous time limit. I mean, it's not asking the impossible of a plaintiff to serve process within one year. I mean, that's one of the most, I think it's one of the most generous time limits in any of the states, isn't it? Yes. And when you talk about excusing it and everything, you have to take into account that you had one year to do it. This is, what is it, three times as long or four times as long as the federal rules allow? 120 days is three months. That's four times as long. And it's not a hard thing to do. Not only was it not hard, once the plaintiff below decided to serve us, they did it in one day. They came to us in one day and our resident agents were not available. The next day, when our resident agents were available, they made service. But the district court didn't dismiss the case on the basis of the 120-day federal statute. No, because, in fact, as a coincidence, as of the day the district court actually heard second set of arguments, January 11th, that was still timely for service. So, now, let's take that aside. Point well taken to the argument on 120 days. Let's put that aside for a second. The reason that the district court gave was that the case was already, I call it a dead letter, but a dead case when it got here. That seems to suggest that the court is clearly saying that I'm not looking at whether or not I should look at diligence or whatever. I can't. It's dead. Isn't that wrong, though? I don't believe that's quite what the court did say. It was jurisprudentially dead. Okay, well, we don't know what jurisprudential means, but we know what dead means. So, let's deal with dead. He said it was dead. But that's not correct, though, is it? It's anticipatory. It's dead in the sense that a Virginia judge who would be given this set of facts would rule that it is outside a calendar year and can't be revised. So, Judge Lee killed it. He then went on to consideration of due diligence as to whether or not there was due diligence in an exercise of discretion that might have saved the case under Virginia law, and he found there was not. What if it was a fait accompli for the state court? Why would the court grant the vacature of the non-suit? We had not been served. We don't know. We have no idea what arguments were presented. But that would suggest that the court thought that it was something to continue on with. Otherwise, you wouldn't grant it because the court knew then that they were at the one-day left point there. So, 364, waiting that long, you can't improve diligence. You're not going to be able to prove it one day more. So, that would suggest that the state court would have done differently because it gave her a new breath of freedom, if you will. I don't see how it gave her any freedom except for that one last day. So, you would submit. Well, then, that's what the one last day. Well, then, if it's told for 17 days, didn't they do that one last day? Because the 31st would have been that one day, wouldn't it? Because it wasn't the last day. It was the anti-ultimate day, right? So, then, once the toll is there, then? We don't believe it was tolled. We don't believe it tolled anything. Well, how could the statute? You don't think it did? No. Absolutely not. There's nothing in Virginia law that says filing a non-suit tolls the time in which a non-suit, and then vacating it, tolls the time in which a non-suit may be served. And you could have gotten an answer to that question from a Virginia judge if you hadn't removed the case. There's no difference in Judge Lee applying Virginia law than a Virginia state judge. Judge Lee is Judge Lee, and a Virginia judge is a Virginia judge. There's every difference in the world. I'm not suggesting the outcome should be the same, but my point, I think you know my point. It's simply that, from a strategic tactical perspective, I don't know what's going on here. I was surprised to hear that there had been conversations between counsel. I don't know if that's in the record, but I was surprised to hear that this morning. But in any event, a defendant who chooses to remove a case to federal court has made an option to get a decision from a federal judge reviewed by this court as opposed to a decision by a Virginia judge reviewed by the Virginia Court of Appeals and perhaps the Virginia Supreme Court. I don't think this issue is complicated and requires extensive knowledge of Virginia law versus federal. As a former civil procedure professor, this is very complicated. Thank you, sir. Thank you very much. Anything else? Yes. Go ahead. You've got. Let the lawyer come up. No, go ahead. Go ahead. Let the other lawyer come up. Thank you. May it please the court. I'm Steve Robinson, and together with my associate, Nick Sanfilippo, we represent Budget Motels and Waterloo Hospitality, which for purposes of argument we'll refer to as Budget Motels. I think what's important, first of all, to go back to address some of the concerns the court has is to look at the calendar. The calendar is in the brief, but I would like to just give the court three or four dates to consider. First of all, this case was filed on August 15, 2011, the 89th day under the 90 days from a right to sue letter issued by the EEOC. On August 3rd, well within the one-year period of time in which service could be affected, the plaintiff files an unopposed motion in Fairfax for a non-suit, unopposed because the defendants hadn't been served. Unopposed because it wouldn't have made any difference. Correct. It's by right. By right. As your Honor notes, I've sat there and watched the motion to strike evaporate as the plaintiff gets up and says, we're taking a non-suit, thank you very much. So rather than do what frankly I think would be logical to get back to Judge Davis's point, if you're filing a motion for a non-suit on August 3rd, why aren't you getting a summons and going and serving? I don't know the answer to that. But frankly, had that happened, we wouldn't have been here today. But what happens instead is Judge Rausch enters the order on August 14th, a non-suit order, unopposed. The plaintiff then realizes, and again, in all candor with the court, it was a conversation with me, because I call the plaintiff's counsel. This is not in the record, but I'm happy to share it because I think there's some interest in it. How'd you find out about the case? Your Honor, we monitor the cases in Fairfax regularly. Of course you do. Sure. Of course you do. I mean, you know, Fairfax in those days was in the beginnings of their electronic docketing system. And frankly, we had a paralegal who went by, you know, probably once a month. So you get a lot of business. Well, we knew the case was coming because we'd represented the defendants in the administrative situation. And frankly, we were counting the days on the right to sue. And frankly, we only followed the docket in the federal court. It never occurred to us until several months after the case was filed in the circuit court of Fairfax that that indeed was where this court was going to have jurisdiction. But you still had a right to service the process. Absolutely. No matter what you knew or didn't know. Exactly. That's exactly right. So when the plaintiff goes ahead on the 16th or 17th day, on August 30th, and again, unopposed, as Judge Gregory probably knows, calendar control in Fairfax, 830 in the morning, you walk in, Your Honor, I want an order. The judge signs the order. The judge doesn't have the file in front of himself or herself. Under the plaintiff's theory, the case is now active on August 30th. That is the last day to serve. If there's no tolling. Even if there is tolling, it's the last day to serve. I don't understand that. Well, Your Honor, the original lawsuit was filed on August 15th, 2011. Okay. Non-suit order entered August 14th, 2012. Okay, I see. One day left. So on August 30th. Even if there's tolling, the 14 or 17 days or whatever. It doesn't make any difference. It doesn't make any difference. I mean, again, and we've argued it in our brief, and I think the district judge correctly found, and again, as you all know, Judge Lee had the benefit of sitting on the bench in Fairfax for about 10 years. What day was it? Again, just finish Judge Davis' answer, but just quickly, what's the date that the vacancy was entered? It was August 30th, Your Honor. Okay, that's what I thought. And if you look in the joint appendix, and I can give you the site if the court wants it, you look and you see there's a handwritten notation to the court in Fairfax at 9.38 a.m. on that day to issue summonses. So on the last day that service could be made, the plaintiff got her summonses. Yeah, but wouldn't it be the last day to serve would be August 31st? Your Honor, with all due respect, it wouldn't be. Why not? Because she had one day left when the non-suit was entered. That's right. Okay? On August 30th, the case is now back on the docket. To use the plaintiff's phrase, it has to be live and kicking because otherwise they couldn't have gotten a summons. But it's back on the docket, but the date now is as if it was August 14th. I think, Your Honor, it would be August 15th. Why? Because the case was non-suited on the 14th. It was an active case through the 14th. I mean, theoretically, to get back to Judge Davis. Yeah, but that would be the same thing if that was her last day. If it was her last day she got the non-suit, then the day it is vacated would be the same day now she has to serve. But when you have one more day, then you have to have one more day after it's vacated, which would be the 31st. How would that not be? Your Honor, I think the reason it wouldn't be is because the case was in existence on August 14th because it was not dismissed until that day. So it was, again, to go back to the appellant's phrase, it was alive and kicking on the 14th. So they had one day left. I agree, right. The day that, right. Exactly. They have one day left. All right. And August 30th, again, because the non-suit order has been vacated. Put back on the docket. Correct. She has one more day. So that's the equivalent of August 15th because the case was alive on the 14th, Your Honor. Oh, I see. Okay. All right. It seems like Judge Gregory's got the better of the argument. If the non-suit is entered on the 14th and vacated on the 30th, then the 30th becomes the virtual 14th. Yeah, what happened? And so the 31st becomes the virtual 15th. Right? It has to be. And, frankly, we need not. It's pretty metaphysical here. Well, it is very much, Your Honor. And with all due respect, obviously, I think the case can't be alive. The 364th day can't be both the 14th and the 30th, which I think, with all due respect, would be the circumstance under the argument that Your Honors are positing because the case did exist on the 14th. That's day 364. Everybody agrees with that. The case ended on day 364 because the non-suit was taken. So then we have the cases back. Just if I help you real quick. Yes, sir. If the 14th of August was the last day, right? Okay. And if, in fact, it was vacated as it was on the 30th, what would be the date last day to file then? I don't think there would be a last day. In other words, you say you couldn't even do it that day. That's correct, Your Honor. I don't see how that could be. Nevertheless, again, I don't think that's an issue the court needs to reach because, as the district court correctly found, there clearly was, in essence, no effect for the non-suit because, as we cited in our papers, and nobody really seems to debate that. In fact, the appellant in her argument also agrees, if you look at her argument before the district court. If you vacate the non-suit order, it deprives the non-suit order of any effect, doesn't it? That's correct, Your Honor. I mean, would that leave the time period continuous? Yes, sir, Your Honor. We don't need to get into this whether there's one day or not because if you vacate the order to the non-suit, it's as if the non-suit never happened. That's correct, Your Honor. If you look at page 85 of the joint appendix in the colloquy with the district court, Judge Lee asked, quote, tell me what your view is of the word vacate. What does vacate mean to you, Ms. Kelly? Well, that other order doesn't have any effect, and we are just back like we were before. And didn't she mean continuing effect? I don't know what she meant, Your Honor. I always tell witnesses in depositions they can't tell me what other people thought, and I'm not about to do that here. What's the case law that supports Judge Lee's interpretation? Vacation or? The vacate wipes out the whole period of non-suit. Your Honor, we have cited a series of cases in our. But there's no specific holding by the Virginia Court of Appeals. That's correct. There absolutely is not. And you could have gotten such a holding if you wanted to stay in Virginia. Well, let me address that question, Your Honor, because maybe that's a little bit of the elephant in the room. This was a Title VII case, a Title VII case that when suit was filed, the operative events were now five years old. Obviously, a lengthy period of time. Witnesses move, they die, they forget things. Serious restrictions on taking out-of-state depositions and discovery in the Virginia State Court. Again, as you all know, there's no Rule 56 or anything close to that in a Virginia State Court. In fact, it's just the opposite. Depositions cannot be used in a summary judgment motion. Plaintiff deposition? Any deposition. Really? Any depositions. All right. So the situation that we had was, number one, it's a Title VII case. It's been around for a long time. Number two, with all due respect to the bench in Fairfax, they don't see many Title VII cases. We wanted a judge who was familiar with the case law. Number three, we would have been severely procedurally handled, or hampered rather, by the lack of ability to take broader discovery. And frankly, fourth, summary judgment probably never would have been a possibility. And again, as your Honors know from sitting on this Court, a lot of employment cases go on summary judgment. Well, I think there's a real question here as to whether state or federal procedure even applies. Because, I mean, that in itself is a bit of a difficult question. And so I'm not sure we need to resolve it if it's untimely under either law. The question I look at, and this bears on the equitable tolling here, the plaintiff here had a long amount of time to perform almost a ministerial function, but a perfectly straightforward function, which is simply the serve process. It's not an arcane thing. It's a part of every single lawsuit. It wasn't done until a year after filing in Virginia. It wasn't done within 120 days in federal court. And there's no attempt here to establish one of these procedural tripwires, or to have plaintiff's case thrown out of court as a result of being blindsided by some kind of rule. It ought to be a matter of second nature to simply serve process, give the opposing party notice of a summons and complaint. And people do that simply as a matter of course when something is filed. And when you look at the extraordinary delay that took place here, the question is, you know, should we bend over backwards or try to work things around to salvage something that I don't think was litigated in the way that it really should have been. And it almost encourages an absence of some kind of precision or due diligence in courts below when we do it. All of it could have been avoided. Difficulty is that plaintiff has created problems for herself, unfortunately, but that's what's happened. When you look at it as a whole. That's certainly been the defendant's position all along. The court's well aware that Virginia, both statutes and rules, make it clear that no judgment can be entered in a case in which the complaint has not been served in a year absent an order from the court finding that due diligence occurred. There's not even attempt to argue that due diligence occurred here. And my time's running out. I'll be happy to answer any questions. But do you agree that if you file within one year, being 364th day, due diligence has nothing to do with it? 364 would be okay because you'd be within a year. Right. That's what I'm saying. But so due diligence really almost is a red herring in a sense in terms of that's the point is the argument is that it was filed timely because their argument is premised on the 17 or 16 days, depending on however you count, not having any impact, which would mean the order vacating the non-suit was a nullity, which again I'm out of time and I don't want to press my luck with the court, but I think we've cited the decisions in our brief and I'll rest on our brief on that issue. I'll be happy to answer any other questions that the court may have. The point is that the vacater of the non-suit was entered. Correct. Yes, sir. Okay. Thank you, Your Honor. Your Honor, I'd like to just address a couple of the points that seem to be of concern. Judge Wilkinson, I understand that you are concerned about the long period of time that a plaintiff has served in Virginia. Counsel, your time would be better spent. You don't have much time to deal with. What about the 120 days?  Why didn't you file it? Why didn't you file it? Why didn't you serve it? What do you mean? After you're in federal court, why didn't you serve it? Well, because Judge Lee denied their motion. Let's don't forget about that. Judge Lee denied their motion, and therefore we expected we were going to be able to proceed, but he took until December to change his mind. So we wouldn't serve if their motion had been denied and there was no need. 1448 says if service has been found defective, we have the right to reserve. And I think the real issue is getting lost here. The only thing that Judge – So the court had already ruled in your favor? In our favor. Correct. Judge Lee initially denied their motions. So you have a reason for not filing 120 days? Yes, sir. So this is an additional stop, if you will. The judge is a stop from claiming you have to do something that the court made you think that he was ruling for your favor, correct? Right. And defense never raised that below, but as a matter of fact, Judge Lee had denied their motions. But I think the real fundamental issue is was the case alive when it arrived? And you don't have to accept any tolling argument to find that it was. Fairfax Record says it was, and the very fact that we could have taken a non-suit. If the non-suit order was vacated, then by definition, we still had a non-suit as a matter of right, and there is no question that under controlling Virginia Supreme Court law, we could take a non-suit even after the expiration of the one year, even after the one year for service expires. As generous as that is. And that's the holiday situation you're relying on? No, I'm not. I'm relying on Waterman v. Halverson and Berry v. F&S Financial Marketing, Virginia Supreme Court cases where the court rejected defendant's argument that they had a right to a dismissal, that there was no jurisdiction. Is there any limit on the number of non-suits? Under the Virginia Code, plaintiff has one non-suit as a matter of right, which we still had by virtue of the vacation of that order, and we may have additional ones in the discretion of the court. So by being vacated, you still had your one by right? Right. That's really all that we have to show to prove, under Virginia law, this case was alive. Right. You already left Virginia. Under Virginia law, under controlling, unquestionable Virginia law, we could get lost into who could have and would have done what, and that's what I meant by it was inappropriate for Judge Lee to step in those shoes. Really, Judge Lee just has to say, is this case alive? I see your point. It is alive. Because Judge Lee can't grant a non-suit. Well, he can't. But he can give you all kinds of time to fix things. It was the defendant's choice to remove, and they really should not be heard to complain about the plaintiff's right if service was found defective. You're arguing this as though this is the defendant's fault, and that the defendants were aware of this, we don't need to worry about service or process, or it's the defendant's fault to remove. They have a perfect right to these things. They have a perfect right to service or process. They have a perfect right to remove. The removal statutes give them that right, and then a federal judge may decide under state law all the time, although it's not clear to me that state procedures still govern, because, I mean, it's basic hornbook law. The federal procedure governs removed cases in state court. Just because it's removed, it doesn't mean necessarily that state procedure continues to prevail. I'm not at all sure that the federal rules don't control here. The thing is in federal court, and even if you did it only as a protective matter, you would think that you would serve process within 120 days. I'm just not convinced that any of these problems needed to arise. It has been made vastly more complicated by the fact that someone didn't even take the rudimentary step in either state or federal court of clearly serving process within one year, which isn't hard to do, not at all. I understand Your Honor's comments, but the Virginia legislature made that balance in allowing the plaintiff the right to one year and the right to a non-suit. Why didn't you serve process? Why did you move to vacate the non-suit? I don't understand any of it. I don't understand why you didn't serve process in a way that would be timely. I don't understand why you moved to vacate the non-suit. I've explained why we moved to vacate the non-suit, and it was probably unnecessary, but we still have our non-suit as a matter of right, which means the case was alive. As the Virginia legislature must have anticipated, sometimes things happen in the course of a year. Ninety days is a quick statute of limitations. We met that. Everybody concedes that. I was local counsel, and there are a number of events that just took place, and I was doing an amended motion for judgment. I'm allowed to rely, just as the defense, Judge Wilkinson, completely respect and agree. I understand, I believe your point, the defense has a right to remove. Well, we have a right to wait an entire year if we want to. We have a right to take a non-suit if we want to. We still have that right to take a non-suit. That then raises the question as to whether the effect of a vacater, and the effect of a vacater is to make the non-suit order a nullity. Which means we could have taken it again. And to throw the filing date of August 31st past the one-year period, I don't think it's a matter of 14 or 15 days. We can't change the whole notion of what a vacater represents and what the effect of it is. But you don't even need to reach that. The fact that the plaintiff had a right to keep her suit alive in Virginia means it arrived alive in Judge Lee's courthouse. And your point is that Collins v. Shepard and Berry are the two cases on which you rely. Well, Collins and Rutter show that the state court has discretion, and Frye, that it's not just due diligence, that there's the balancing of Virginia statutes. Yeah, but my point is you could have obtained, even had you not served process on August 31st, and assuming the case was not removed on September 13th or whenever it was, you could have sought and obtained a non-suit in September, October, or November of 2012. Absolutely, unless the court had already dismissed it, obviously. But, yes, the Berry case, the Waterman case. And the reason for that, in whole or in part, is exactly because you got a vacater of the original non-suit. Is that right? Correct. So we had it as a matter of right. We still had a non-suit. Because the first one didn't count. Because the first one didn't count. It was vacated. It didn't exist anymore. We could also, even if it did count, have possibly gotten a second one as a matter of discretion. But we still had one as a matter of right, and we still could have taken it even after the expiration of the one-year service rule, Berry and Waterman cases. You want all the benefits of that, and you don't want to accept any of the drawbacks of it. Well, we'd like the benefit of either the state. As it stands here, the defense wins. We are denied all our basic, powerful procedural options as a matter of right that we had in state court, and now we're left with none in federal court because they chose to remove us quickly without asking for the state court to interpret its own procedural rules. That's not fair. And the Brazil case, the only case that I've been able to locate from this court, noted. They don't have to do that prior to removal. I'm sorry? There's no law of removal that says defendants have to ask for this state court ruling or that state court ruling before they remove. You don't have to do that. You can remove the case. It happens sometimes within a day. You don't have to sit there and ask the state judge for a ruling. You don't. But they chose. I don't even think it applies. I don't know where that obligation comes from. They chose to remove it when they did, and they removed a live case. The plaintiff could have kept it alive, and that's really the only question before this court. Judge Lee was wrong in dismissing it. You have my red light, Judge. May I? Sure. Judge Wilkins has been enormously generous today, as you all saw, and that's a good thing. Why did Judge Lee get it so wrong? If it's so obvious, just let me finish. If it's so obvious, as you say it is, and now it appears that you're right, that you could have taken a non-suit had the case remained in state court regardless of whether and when you served process, how did Judge Lee get that so wrong? I can't speak for Judge Lee. What did he say about it? His opinion is conflicting, literally, in different parts of it. In one part of his opinion he says the vacation of the non-suit order brings it back exactly to the status quo ante, and then later he seems to have some doubt as to whether the plaintiff could take the non-suit. How that doubt came about, what he's talking about, he cited no statute. He cited no law. And I don't know why he had any doubt. That was part of the reason we appealed it. We think it really is plain wrong. Are there any other questions that I could ask, answer? I'm sorry. Thank you. We'll adjourn court and come down and read counsel. This honorable court stands adjourned until tomorrow morning at 930. God save the United States and this honorable court.
judges: J. Harvie Wilkinson III, Roger L. Gregory, Andre M. Davis